Filed 4/11/22  P. v. Runnels CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076647 |
| v. | (Super.Ct.No. RIF148790) |
| JASON HOWARD RUNNELS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jason Howard Runnels appeals the Riverside County Superior Court's summary denial of his petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

**BACKGROUND**

*1.  The circumstances leading to defendant's conviction*

The background leading up to defendant's petition for resentencing is taken from the record on appeal and our opinion issued on his appeal from the judgment.  (*People v. Runnels* (Apr. 3, 2014, E055824) [nonpub. opn.] (*Runnels I*).)

On December 31, 2008, defendant and his girlfriend, codefendant Lucia Martinez (Martinez), were staying in their cabin in Poppet Flats with a guest (the witness). Defendant telephoned the victim and invited him to come over and celebrate the New Year.  After the victim arrived, the group went out together to purchase liquor.  When they returned to the cabin, the group (except, perhaps, the witness) began drinking.  At one point, when defendant was in the kitchen, the victim tried to dance with Martinez by putting his hands on her hips.  She pushed him away and went into the kitchen.

Two minutes later, defendant and Martinez came out of the kitchen and defendant took the victim into the bedroom and closed the door.  They were joined several minutes later by Martinez, who did not stay in the bedroom the entire time.  The witness heard thumping noises coming from the bedroom and, not long afterwards, defendant dragged the victim's lifeless beaten body into the living room.  Defendant and Martinez took

_____

[1]  All further statutory references are to the Penal Code.

2

possession of the witness's cell phone and told her she could not leave or make phone calls on threat that they would "take the closest one to her." The witness assumed they were referring to her four-year-old son.

Over the next two days, while defendant went to work, Martinez and the witness tried to clean up the blood in the bedroom. In the night of the second day, together with defendant, they drove to a lake and dropped the victim's body into it. His body was found two months later. He had suffered a fracture of his sternum and 26 fractures of his ribs. His liver and one of his lungs were lacerated by broken ribs. Defendant and Martinez were eventually apprehended and charged with the premeditated, deliberate, killing of the victim with malice aforethought (count 1, §187, subd. (a)).

During the trial, defendant testified he killed the victim. A jury found him guilty. The court sentenced him to a term of 25 years to life, plus an enhancement of a year each for two prior prison terms (§ 667.5, subd. (b)) stemming from unspecified offenses, to run consecutively to the term imposed for count 1. Defendant appealed.

On appeal, we rejected defendant's arguments, which included the claims that the jury should have been instructed on the theory of heat of passion, that he had no motive to kill the victim, and he could not be convicted of murder because he had used his fists. We ordered the trial court to amend the sentencing minutes and abstract of judgment to reflect the restitution order for defendant is joint and severable with the codefendants. We otherwise affirmed the judgments. (*Runnels I, supra,* E055824.)

*2. Defendant's petition for resentencing*

In February 2021, defendant filed a petition pursuant to section 1170.95 seeking to vacate his conviction and be resentenced in accordance with the ameliorative amendments to section 188 (which defines malice) and section 189 (which defines degrees of murder and liability therefor) that became effective in January 2019. He was not present but was represented by counsel at the status hearing on his petition. The court dismissed the petition upon a finding that our opinion in *Runnels I* made clear defendant was the actual killer. Defendant appealed.

## DISCUSSION

Defendant argues the trial court erred in two respects: (i) his petition complied with the statutory pleading requirements set forth in subdivision (b) of section 1170.95 and, therefore, his right to due process was violated because he was not afforded the opportunity to file a brief in support of his petition and, (ii) the court erred when it relied on this court's opinion when it summarily denied his petition.

*1. Senate Bill No. 1437 limited the scope of the felony-murder rule and provides a procedure for recall of certain sentences*

In 2018, the Legislature eliminated natural and probable consequences liability for murder and narrowed the scope of the felony-murder rule by passage of Senate Bill No. 1437, effective January 1, 2019. (Stats. 2018, ch. 1015, pp. 6673-6676.) The bill substantively amended sections 188 and 189 to ensure liability for murder would be limited to persons who (i) are the actual killer, (ii) are not the actual killer but, with the

4

intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, or (iii) are a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

The bill also added section 1170.95. (Added by Stats. 2018, ch. 1015, § 4 (Sen. Bill No. 1437), effective January 1, 2019; amended by Stats. 2021, ch. 551, § 2 (Sen. Bill No. 775), effective January 1, 2022.) That provision established the procedure for persons convicted of murder prior to January 1, 2019 to petition to vacate their sentence and to be resentenced for any remaining counts if they could not be convicted under sections 188 and 189 as amended by Senate Bill No. 1437. (*Lewis*, *supra*, 11 Cal.5th at p. 959.)

To obtain relief, a petitioner must file a petition in the sentencing court and include the following averments: (i) the complaint, information, or indictment filed against the petitioner allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequence doctrine; (ii) the petitioner was convicted of murder, attempted murder, or manslaughter after a trial or after accepting a plea offer in lieu of a trial in which the petitioner could have been convicted of murder or attempted murder; and (iii) the changes made by Senate Bill No.

5

1437 to sections 188 and 189 would now foreclose petitioner from being convicted of murder or attempted murder. (§ 1170.95, subds. (a) & (b)(1); *Lewis*, *supra*, 11 Cal 5th at pp. 959-960.)

If the petition complies with the aforementioned requirements, the court must appoint counsel if the petitioner has requested one. (§ 1170.95, subd. (b)(1)(C) & (b)(3); *Lewis*, *supra*, 11 Cal 5th at pp. 962-963.) The prosecutor is to file and serve a response to the petition within 60 days after the petition was served, and the petitioner may file and serve a reply within 30 days after the prosecutor's response is filed. (§ 1170.95, subd. (c); *Lewis*, at p. 961.) If the court determines the petitioner has made a prima facie showing of entitlement to relief, it must issue an order to show cause and hold a hearing to decide whether it should proceed to vacate the conviction and recall petitioner's sentence for resentencing. (*Lewis*, at p. 961.) If the court declines to issue an order to show cause, it is to provide a statement fully setting forth its reason for doing so. (§ 1170.95, subd. (c).)

The court's determination will necessarily be informed by the record of conviction, allowing it to distinguish petitions with potential merit from those that are clearly lacking in merit. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) Although the court may not engage in factfinding involving the weighing of evidence or exercise of its discretion, it may consider the record of conviction, including the court's own documents and the reviewing court's opinion if an appeal was taken from the judgment. (*Id*. at pp. 971-972.) If the record of conviction contains facts refuting the petition's allegations,

6

then the court is justified in making a finding that the petition does not pass prima facie muster.  (*Id*. at p. 971.)

We review a trial court's determination whether a petition has made a prima facie showing using a de novo standard because it is predominately a legal question, requiring us to apply the section 1170.95, subdivision (c) standard governing prima facie entitlement to relief.  (*People v. Arias* (2021) 66 Cal.App.5th 987, 999, review granted Sept. 29, 2021, S270555.)[2]  In applying that standard here, we accept the petition's facts as true but evaluate them in light of facts readily ascertainable from the record of conviction, including our opinion in *Runnels I, supra,* E055824.  (*Arias*, at p. 999.)

2.      *Defendant is ineligible for resentencing as a matter of law*

Defendant argues the trial court erred when it dismissed his petition because it not only relied on this court's opinion to find he was the actual killer, but also denied him his due process right to submit briefing in an effort to establish the insufficiency of the evidence to support the jury's finding that the was guilty of murder.  We disagree and affirm.

As explained *ante,* persons who were convicted of first degree murder are not eligible for relief pursuant to section 1170.95 unless (i) the information filed against them allowed the prosecution to proceed under a theory of felony murder, murder due to natural and probable consequences, or any other theory under which malice is imputed to a person based solely on that person's participation in a crime, and (ii) the changes made

---

[2]  Rule 8.1115(e)(1) of California Rules of Court permits us to rely on appellate opinions as persuasive authority while review by the Supreme Court is pending.

by Senate Bill No. 1437 to sections 188 and 189 would now foreclose them from being convicted of first degree murder. (§ 1170.95, subd. (a); *Lewis*, *supra*, 11 Cal.5th at pp. 959-960.) Those requirements are not met here.

Contrary to the averment in defendant's petition, he was not charged and convicted of murder under a theory set forth in subdivision (a) of section 1170.95. The complaint and information set forth a single count that did not include an allegation that would permit prosecution under either the felony-murder rule, a natural and probable consequences theory, or any other theory under which malice was imputed to defendant solely on his participation in a crime. Rather, defendant was charged with, and convicted by a jury of, killing the victim with deliberation, premeditation, and malice aforethought. As such, he is not eligible for relief under section 1170.95. (§ 1170.95, subd. (a); *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 (*Mancilla*).)

Nor does defendant meet the requirement that he could not now be convicted of first degree murder on account of Senate Bill No. 1437's amendments to sections 188 or 189. (§ 1170.95, subd. (a)(3).) The current statute provides, as it did at the time of defendant's conviction, that a person's willful, deliberate, and premeditated killing of another is murder in the first degree. (§ 189, subd. (a).)

Because defendant does not meet the requirements set forth in section 1170.95, he is ineligible as a matter of law to have his conviction vacated and be resentenced. Accordingly, to the extent the sentencing court erred in not requiring the People to submit an opposition to defendant's petition pursuant to subdivision (c) of section 1170.95,

8

thereby triggering an opportunity for defendant to respond, the error was harmless. (*Mancilla*, *supra*, 67 Cal.App.5th at p. 859 [when record of conviction establishes a defendant is ineligible for resentencing pursuant to section 1170.95, then any errors committed by the trial court are harmless].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ     
        P. J.


We concur:

CODRINGTON   
     J.

SLOUGH     
     J.